UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIE CLARK, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:21cv1690 (CSH) |
| | : | |
| v. | : | |
| | : | |
| PAPPOOSHA, C.O. PAIN, | : | |
| L.T. ROBERTS, and L.T. DOUSIS, | : | |
| | : | MARCH 30, 2022 |
| Defendants. | : | |

### ORDER VACATING ORDER [Doc. 8] AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. 2]

On December 20, 2021, Plaintiff Willie Clark filed his civil rights Complaint under 42 U.S.C. § 1983 and sought to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), in this matter.  Docs. 1, 2.  In his Complaint, Clark alleged violations of his rights under the United States Constitution that occurred in January 2021.

On March 21, 2022, Magistrate Judge Farrish granted Clark's motion to proceed *in forma pauperis* ("IFP"), without prepayment of fees, in this action.  Doc. 8.  After a subsequent and thorough review of Clark's materials in support of his application to proceed IFP, the Court will vacate that Order.

The decision whether to permit a litigant to proceed IFP in a civil case is committed to the sound discretion of the district court.  *See Fridman v. City of New York,* 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002); *Rahimi v. Sec'y of Nav'y*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019); *Brooks v. Aiden 0821 Cap. LLC*, No. CV19-6823 (GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020).  "Section 1915(a) does not require a litigant

to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.,* 701 F.2d 243, 244 (2d Cir. 1983). Courts thus consider whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *See, e.g., Rahimi,* 2019 WL 6529458, at *2 ("While for many filing a lawsuit involves no small measure of financial sacrifice, Rahimi has not shown that he would face the poverty found in cases that have warranted a grant of IFP status.").

In the case at bar, Clark's motion to proceed IFP shows that he has no dependents and that his prison trust account had an average balance of $803.22 during the last six months indicated (from June to December 2021). Doc. 2, 3. His account statement, dated December 20, 2021, indicates a balance of $492.70 on that date. Doc. 3. That statement also reveals that he received a total of $1,645.00 in deposits during a six-month period prior to filing this action.[1] *Id.* In early 2021, Clark was aware of the facts underlying the claims he seeks to advance in this action; but instead of using his resources to file his claim, he first chose to make numerous purchases at the commissary, fund his tablet three times through JPay Media (8/25/2021, 9/13/2021, and 10/25/2021), and send a special request of $108.15 out of his account (9/23/2021). Finally, on December 20, 2021, he filed this action with an accompanying IFP request. *Id.* at 1-3.

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Brown v. Ruiz,* No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D.

---

[1] The account statement shows incoming funds deposited on various dates in the amounts of $25, $20, $25, $1,400, $25, $40, $40, $30, and $40. Doc. 3.

Conn. Nov. 2, 2020). "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Id.* (quoting *Briand v. State of Fla.*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006)). *See also Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by weeding out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.") (citation, internal quotation marks, and brackets omitted).

"[W]hen considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson*, No. 3:21-CV-863 (MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021) (citation and internal quotation marks omitted). Moreover, if an IFP applicant lacks sufficient funds on the date he files his Complaint because he has previously drawn funds from his account, the court may deny his motion to proceed IFP. *See Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of IFP application where district court found that prisoner had received "$1,818.00 [in deposits] in the preceding six months" but "chose to spend those funds on matters other than this litigation"); *Crispin v. Anderson*, No. 3:21-CV-945 (KAD), 2021 WL 3206850, at *2 (D. Conn. July 19, 2021) ("Crispin had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status. This is not the proper use of the *in forma pauperis* statute."); *Brown*, 2020 WL 6395480, at *1-2 (noting, in denying motion to proceed IFP, that plaintiff had received deposits in excess of

$3,000.00 in the seven months before filing his action but "made purchases at the commissary and regularly sent money out of the facility" before filing his complaint and attempting to qualify for IFP status).

Here, Clark's prison trust account statement reveals that he received a total of $1,645.00 in deposits during a six-month period prior to filing this action. During those months, he made numerous personal withdrawals. However, even without reviewing the nature of those expenditures, the Court finds that Clark's prison trust account held $492.70 -- sufficient funds to pay his filing fee of $402 without forgoing life's necessities -- on the date he filed this action, December 20, 2021. Accordingly, the Court hereby VACATES the order granting the motion to proceed IFP [Doc. 8] and DENIES the motion for leave to proceed IFP [Doc. 2].

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the Plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604.

Failure to tender the filing fee within twenty (20) days of the date of this Order, on or before **April 19, 2022**, will result in the dismissal of this action.

It is **SO ORDERED**.

Signed:  New Haven, Connecticut
March 30, 2022

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge